**Antoine PERRIER**

v.

**BELLSOUTH COMMUNICATION SYSTEMS, LLC**

NO. 2016–CA–0553

Court of Appeal of Louisiana, Fourth Circuit.

NOVEMBER 16, 2016

Darrell R. Sims, P.O. Box 1697, Mandeville, LA 70470, COUNSEL FOR PLAINTIFF/APPELLANT

Thomas L. Gaudry, Jr., Jairo F. Sanchez, GAUDRY RANSON HIGGINS & GREMILLION, L.L.C., Oakwood Corporate Center, 401 Whitney Avenue, Suite 500, Gretna, LA 70056, COUNSEL FOR DEFENDANT/APPELLEE

(Court composed of Chief Judge James F. McKay, III, Judge Edwin A. Lombard, Judge Madeleine M. Landrieu)

Judge Edwin A. Lombard

The plaintiff, Antoine Perrier, appeals the summary judgment rendered in favor of the defendant, Bellsouth Communications Systems, LLC, dismissing his personal injury lawsuit. After *de novo* review, we affirm the judgment.

**Relevant Facts and Procedural History**

The plaintiff was injured on March 8, 2011, when he fell into a utility ground

hole near the intersection of Press Drive and Haynes Boulevard. On March 7, 2012, he filed suit against the defendant, alleging that the defendant was liable for his injuries based on the defendant's failure to maintain a protective cover on the utility box or post adequate warnings of a dangerous condition.

On September 10, 2015, the defendant moved for summary judgment asserting (1) the plaintiff testified in his deposition that the defendant's in-ground utility hole cover played no part in the alleged incident on March 8, 2011; and (2) the record is devoid of any evidence that the defendant had notice of a defect involving the utility ground hole at issue.

On January 4, 2016, the district court granted summary judgment in favor of the defendant, dismissing the plaintiff's lawsuit with prejudice.

The plaintiff appeals this judgment.

### ₂Standard of Review

We review a summary judgment *de novo* using the same criteria governing the trial court's determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Samaha v. Rau,* 07–1726, p. 4 (La. 2/26/08), 977 So.2d 880, 882–83.

### Applicable Law

"The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and

that he failed to exercise such reasonable care." La. Civ. Code art. 2317.1.

### Discussion

Summary judgment, "designed to secure the just, speedy, and inexpensive determination" of an action, is favored in Louisiana and shall be granted when there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. Code Civ. Proc. art. 966(A)(2) & (B)(2) (West 2015).[1] Although the burden of proof rests with the mover, if the mover does not bear the burden of proof at trial on the issue before the court, the mover need only point out an absence of factual support for one or more elements of the adverse party's claim, action, or defense. La. Code Civ. Proc. art. 966 (C)(2) (West 2015). The burden then shifts to the adverse party "to produce factual support sufficient to ₃establish that he will be able to satisfy his evidentiary burden of proof at trial." La. Code Civ. Proc. art. 966(C)(2) (West 2015). If the adverse party fails to do so, thereby establishing the existence of a genuine issue of material fact, the mover is entitled to summary judgment as a matter of law.

The issue in this appeal is whether, in responding to the defendant's motion for summary judgment, the plaintiff met his burden in showing that there is a genuine issue of material fact as to whether the defendant had constructive notice that its utility ground hole cover was defective.

The defendant submitted the following evidence to support its assertion that it is entitled to summary judgment as a matter of law: (1) an affidavit by the defendant's Area Manager, Kelly L. Wattigney, stating that: there are approximately 1593 in-ground utility boxes in Orleans Parish;

---

1. The motion for summary judgment was filed prior to the effective date of the most recent amendments to La. Code Civ. Proc. art. 966 and, accordingly, the pre-amendment version is applicable.

that the utility box at issue in this case is located on a public right away owned by the City of New Orleans ("the City") and next to property owned by the City; the defendant is not the owner of the property where the incident occurred and the defendant is not responsible for cutting or maintaining the grass on the property; and, although the defendant takes remedial actions upon notice of any irregular conditions of its in-ground utility boxes, the defendant's records show no notice whatsoever of any complaints or issues pertaining to the box at issue prior to the alleged incident; (2) portions of the plaintiff's deposition testimony wherein he stated that: the grass was high when he fell and the cover on the utility ground hole did not cause his fall; he did not know when the cover was broken or know of anyone who might have reported the broken cover to the defendant; it was dark when the incident occurred and he thought the area was just grass; someone approaching the hole, but not running to dodge cars in the street (as he was), would have seen the hole; and the hole could be observed from the sidewalk but could not be seen from across the street because of "the weeds growing up at the time;" and (3) the plaintiff's answers to interrogatories indicating that there were no eyewitnesses to the incident.

The plaintiff filed an opposition to the defendant's motion for summary judgment asserting that the "manhole and its cover were broken along with its fiber cables because of Hurricane Katrina" and "it was not until six years after Hurricane Katrina that Bellsouth hired an independent contractor to make repairs to the manhole." In support, the plaintiff attached eleven exhibits: (1) Exhibit 1 was a copy of portions of his deposition testimony; (2) Exhibit 2 was photographs showing the broken ground hole cover sticking up from the in-ground utility hole; (3) Exhibit 3 was a copy of the defendant's response to the plaintiff's interrogatories stating that during the years 2010–2012 "contractor Utilapath performed work in March 2011 and contractor Grady Crawford performed repair and/or maintenance work on the hand hole box around September 2011 to the present;" (4) Exhibits 4–11 were copies of engineering diagrams, including one which stated "NOTE: 12 pair fiber cable was damaged by the Hurricane Katrina; Coil up the remaining fiber to the new manhold and splice in manhole." According to the plaintiff, this notation shows that the defendant had constructive notice that the in-ground utility hold was damaged in Hurricane Katrina but failed to repair it until after the plaintiff's 2011 accident.

In its reply, the defendant reiterated that it had no prior notice of problems or defects with the in-ground utility hole and that, contrary to the plaintiff's assertion that it was damaged in Hurricane Katrina and the defendant failed to repair it until after the plaintiff's accident, the in-ground utility box was not in existence at the time of Hurricane Katrina. In support, the defendant pointed to the note at the top of the engineering document submitted as plaintiff's Exhibit 9 stating: "THIS JOB WILL DO AN OUT OF SERVICE CUT DUE TO FIBER CABLE DOWN BY THE HURRICANE KATRINA. IT WILL REPLACE 12 PAIR FIBER TO 72 PAIR FROM MH–A86 TO MH–A86E–1 THEN GOES AERIAL TO PRESS DR THEN CHANGE TO 48 PAIR GOES BURY TO THE UNDERPASS ALL TO THE PONCHARTRAIN BASEBALL PARK AND TO THE CELL CITE."

Upon *de novo* review, we find that the defendant made a *prima facie* case that the City owned and maintained the property, including cutting the grass, in the vicinity of the in-ground utility box and that the defendant had no prior or constructive no-

tice of any defective condition. The burden then shifted to the plaintiff to prove the defendant had constructive notice of the defect. An engineering document indicating that fiber cables were damaged during the 2005 hurricane and repair plans were prepared is not evidence that the defendant had constructive notice of a defect in the utility box at issue in 2011. Rather, the engineering documents submitted by the plaintiff suggest that the defendant performed extensive repairs to the fiber cables in the vicinity in the aftermath of Hurricane Katrina. Because there is no genuine issue of material fact as to whether the defendant had constructive notice of the defect, the defendant is entitled to summary judgment as a matter of law.

|6*Conclusion*

We affirm the district court judgment granting the defendant's motion for summary judgment.

**AFFIRMED.**